

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DANIEL GUILLORY, on his own
behalf and those similarly situated,

    Plaintiff,

v.

    CASE NO.:

SWAN FINANCIAL CORPORATION, a
Kentucky Profit Corporation, THOMAS
EDWARD SEXTON, Individually, and
DAVID RANDALL RAQUE, Individually,

    3:19-CV.366-CHB

    Defendants.

_____/

## COLLECTIVE/CLASS ACTION COMPLAINT
## AND DEMAND FOR JURY TRIAL

Plaintiff, DANIEL GUILLORY ("Plaintiff"), on behalf of himself and other employees and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendants, SWAN FINANCIAL CORPORATION ("SWAN"), THOMAS EDWARD SEXTON ("SEXTON") and DAVID RANDALL RAQUE ("RAQUE") (collectively, "Defendants"). Defendants have violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206 and 207 and K.R.S. 337.285 and 337.275 by failing to pay minimum wage and overtime compensation, and states as follows:

### JURISDICTION

1.     Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2.     The jurisdiction of the Court over this controversy is based upon 29 U.S.C.

§216(b).

3. This Court has jurisdiction over Plaintiff's Kentucky state law claims pursuant to 28 U.S.C. §1367, because Plaintiff's state law claims arise from substantially the same factual nexus as his FLSA claims.

4. All facts giving rise to Plaintiff's claim occurred in the District. Thus, venue is proper in this Court.

5. Venue is proper in the Western District of Kentucky because a substantial portion of the events forming the basis of this suit occurred in this District, and Defendants' headquarters are located at 320 Whittington Parkway, Suite 106, Louisville, KY 40222.

## PARTIES

6. At all times material hereto, Plaintiff was a resident of Jefferson County, Kentucky.

7. At all times material hereto, SWAN was, and continues to be a Kentucky Profit Corporation, with its principle place of business located in Louisville, Kentucky.

8. At all times material hereto, SEXTON was, and continues to be, an individual resident of the State of Kentucky.

9. At all times material hereto, SEXTON was engaged in business in the State of Kentucky.

10. At all times material hereto, RAQUE was, and continues to be, an individual resident of the State of Kentucky.

11. At all times material hereto, RAQUE was engaged in business in the State of Kentucky.

12. At all times material hereto, Defendant SWAN owned and operated a mortgage

making business located at 320 Whittington Parkway, Suite 106, Louisville, KY 40222.

13. At all times material hereto, SEXTON was President and Director of SWAN.

14. At all times relevant to this action, SEXTON managed and operated SWAN on a day to day basis.

15. At all times material hereto, SEXTON regularly exercised the authority to hire and fire employees of SWAN.

16. At all times material hereto, SEXTON determined the work schedules for the employees of SWAN.

17. At all times material hereto, SEXTON controlled the finances and operations of SWAN.

18. At all times material hereto, SEXTON was an employer as defined by 29 U.S.C. 201 et. seq.

19. At all times material hereto, RAQUE was Vice President and Director of SWAN.

20. At all times relevant to this action, RAQUE managed and operated SWAN on a day to day basis.

21. At all times material hereto, RAQUE regularly exercised the authority to hire and fire employees of SWAN.

22. At all times material hereto, RAQUE determined the work schedules for the employees of SWAN.

23. At all times material hereto, RAQUE controlled the finances and operations of SWAN.

24. At all times material hereto, RAQUE was an employer as defined by 29 U.S.C. 201 et. seq.

25. At all times material hereto, SWAN was the "employer" within the meaning of FLSA.

26. At all times material hereto, SWAN was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA by virtue of their regular and continuous simultaneous business operations in multiple states.

27. At all times material hereto, SWAN was, and continues to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

28. Based upon information and belief, the annual gross revenue of SWAN was in excess of $500,000.00 per annum during the relevant time periods.

29. At all times material hereto, SWAN had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as phones, computers, office materials and tools.

30. At all times material hereto, Defendants were the "employer" within the meaning of FLSA.

31. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA, because they conducted business in multiple states simultaneously at all times relevant hereto.

32. At all times material hereto, Defendants were, and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

33. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

34. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for

commerce, such as telephones, computers, office materials and tools.

35. Plaintiff was employed by Defendants from September 2016 through June 2018.

36. At all times material hereto, Plaintiff worked for Defendants as a non-exempt Mortgage Loan Officer (MLO) employee.

37. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA. Specifically, throughout his employment, Plaintiff regularly processed transactions with companies, banks and third-party service providers that were located outside the State of Kentucky.

38. At all times material hereto, Plaintiff was an "employee" of the Defendants within the meaning of FLSA.

39. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

40. Plaintiff brings this action on behalf of all similarly situated current and former Mortgage Loan Officers (MLO's) who worked for Defendants at any time during the three (3) years prior to the filing of this Complaint up to the present, who elect to file a consent to join in this action.

## STATEMENT OF FACTS

41. In or about September 2016, Defendants hired Plaintiff to work as a non-exempt Mortgage Loan Officer.

42. At various material times hereto, Plaintiff, and those similarly situated worked for Defendants in excess of forty (40) hours within a work week.

43. From at least September 2016 and continuing through June 2018, Defendants failed to compensate Plaintiff, and those similarly situated, at rate of one and one-half times

5

Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week.

44. Plaintiff, and those similarly situated, should be compensated at the rate of one and one-half times their regular rate for those hours worked in excess of forty (40) hours per work week as required by the FLSA and Kentucky Law.

45. From at least September 2016 and continuing through June 2018, Defendants failed to pay Plaintiff at least the applicable minimum wage for all weeks worked.

46. Plaintiff, and those similarly situated, should be compensated at least at the applicable minimum wage for all weeks worked as required by the FLSA and Kentucky Law.

47. Defendants have violated Title 29 U.S.C. §§ 206 and 207 and Kentucky Law from at least September 2016 and continuing through June 2018, in that:

    a. Plaintiff worked in excess of forty (40) hours per week during the period of employment with Defendants;

    b. No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA and Kentucky Law;

    c. Defendants failed to pay Plaintiff at least minimum wage for all weeks worked in violation of the FLSA and Kentucky Law; and

    d. Defendants have failed to maintain proper time records as mandated by the FLSA and Kentucky Law.

## COLLECTIVE ACTION ALLEGATIONS

48. Plaintiff and the class members were all "Mortgage Loan Officers" and performed the same or similar job duties as one another for Defendant.

49. Further, Plaintiff and the class members were subjected to the same pay provisions in that they were paid a salary, plus additional compensation, but not compensated at time-and-one-half for all hours worked in excess of 40 hours in a workweek. Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

50. Defendants' failure to compensate employees for hours worked in excess of 40 hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that "Mortgage Loan Officers" ("MLOs") are/were paid for overtime hours worked based on the Defendants' erroneous misclassification of its "MLO" employees as exempt from overtime.

51. This policy or practice of failing to pay overtime was applicable to Plaintiff and the class members. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiff applies to all overtime collective members. Accordingly, the overtime collective members are properly defined as:

> **All "Mortgage Loan Officers" who worked for Defendants within the last three years who were not compensated at time-and-one-half for all hours worked in excess of 40 hours in on or more workweeks**

52. Defendants' failure to pay minimum wage as required by the FLSA results from a policy or practice of failure to assure that "MLOs" are/were paid at least minimum wage.

53. This policy or practice of failing to pay minimum wage was applied to Plaintiff and the class members uniformly and did not depend on the personal circumstances of Plaintiff or those joining the lawsuit. Accordingly, the minimum wage collective members are properly defined as:

> **All "MLOs" who worked for Defendants within the last three (3) years who were not compensated at last minimum wage in one or more workweeks.**

54. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practices with respect to Plaintiff and the class members.

55. Defendants did not act in good faith or reliance upon any of the following in formulating their pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

56. During the relevant period, Defendants violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of 40 hours in a work week.

57. Defendants have acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

58. Defendants have failed to maintain accurate records of Plaintiff's and the class members' work hours in accordance with the law.

## CLASS ALLEGATIONS

59. Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

60. Plaintiff brings his Kentucky Labor Law claim on behalf of all persons who were employed by Defendants at any time since March 2014, to the entry of judgment in this case (the "Class Period"), who were non-exempt employees within the meaning of the Kentucky Labor Law and have not been paid for hours actually worked as well as overtime wages as required in violation of Kentucky Labor Law (the "Class").

61. The persons in the Class identified above are so numerous that joinder of all

members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are hundreds of members of the Class during the Class Period.

62. The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods of fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

63. The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

64. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

65. Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

66. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

    a. whether the Defendants employed the members of the Class within the meaning of the KLL;

    b. whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and members of the Class;

    c. what proof of hours worked is sufficient where employers fail in their duty

        to maintain time records;

d.     whether Defendants failed and/or refused to pay the members of the Class premium pay for hours worked in excess of forty hours per workweek within the meaning of the KLL;

e.     whether the Defendants are liable for all damages claimed hereunder, including but not limited to, costs, disbursements and attorney's fees; and

f.     whether the Defendants should be enjoined from such violations of the Kentucky Labor Law in the future.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION UNDER FLSA

67.     Plaintiff re-alleges and reavers paragraphs 1 through 58 of the Complaint as if fully set forth herein.

68.     From at least September 2016 and continuing through June 2018, Plaintiff worked in excess of forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

69.     Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times his regular rate of pay for those hours worked in excess of forty (40) hours.

70.     At all times material hereto, Defendants failed and continue to fail to maintain proper time records as mandated by the FLSA.

71.     Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times his regular rate of pay for the hours worked in excess of forty (40) hours per work week when it knew, or should have known, such was, and is due.

72.     Defendants have failed to properly disclose or apprise Plaintiff of his rights under

the FLSA.

73. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per work week, plus liquidated damages.

74. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

75. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for inadequate overtime compensation of such employees at a rate less than time and a half for their overtime hours.

76. Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiff were not paid for all hours worked, and to the extent such hours, if properly credited to Plaintiff, would have credited Plaintiff with more than forty (40) or more hours in a work week, Defendants have failed to properly pay Plaintiff, and those similarly situated to her, proper overtime wages at time and a half their regular rate of pay for such hours.

### COUNT II
### MINIMUM WAGE VIOLATION UNDER FLSA

77. Plaintiff re-alleges and reavers paragraphs 1 through 58 of the Complaint as if fully set forth herein.

78. Plaintiff was entitled to be paid minimum wage for each week he worked during his employment with Defendants.

79. Defendants failed to pay Plaintiff minimum wage for each work week he worked

for Defendants.

80. Plaintiff has demanded proper compensation for one or more weeks of work with Defendants, but Defendants have refused and/or failed to compensate him for same. As a result of Defendants' actions in this regard, Plaintiff has not been paid the minimum wage for each week worked during one or more weeks of employment with Defendants.

81. Defendants had specific knowledge that they were paying sub-minimum wages to Plaintiff, but still failed to pay Plaintiff at least minimum wages.

82. Defendants willfully failed to pay Plaintiff the Federal minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

83. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

## COUNT III
## KENTUCKY WAGE PAYMENT LAW (OVERTIME VIOLATION)

84. Plaintiff realleges and reavers paragraphs 1 through 47 and 59 through 66 of the Complaint as if fully set forth herein.

85. At all times material hereto, Plaintiff and those similarly situated were employed by Defendants within the meaning of KRS 337.010 § (1)(e).

86. At all times material hereto, Defendants jointly employed Plaintiff and those similarly situated within the meaning of KRS 337.010(1)(d).

87. KRS 337.285 requires all employers to compensate their employees, with certain exceptions, at a rate of not less than one and one-half (1 ½) the hourly rate which they are regularly paid for all hours worked in excess of forty (40) hours in a work week.

88. Plaintiff and those similarly situated are not contained in any of the groups of

employees excluded from the provisions of KRS 337.285.

89. Defendants jointly required their MLO's, including Plaintiff and those similarly situated, to work more than forty hours in a work week.

90. Defendants jointly failed and continue to fail to pay Plaintiff and those similarly situated for all hours Plaintiff and those similarly situated worked in excess of forty (40) hours in one work week.

91. Defendants jointly violated KRS 337.285 by not properly compensating Plaintiff and those similarly situated for all hours worked in excess of forty (40) hours in one work week.

92. Defendants willfully violated KRS 337.285 by not properly compensating Plaintiff and those similarly situated for all hours worked in excess of forty (40) hours in one work week.

93. As a result of Defendants' joint violations of KRS 337.285, Plaintiff and those similarly situated are entitled to recover unpaid overtime wages dating five (5) years back, pursuant to KRS 413.120 (2), plus an additional equal amount in liquidated damages, reasonable attorneys' fees, and costs of this action, pursuant to KRS 337.385.

## COUNT IV
## KENTUCKY WAGE PAYMENT LAW (MIMIMUM WAGE VIOLATION)

94. Plaintiff realleges and reavers paragraphs 1 through 47 and 59 through 66 of the Complaint as if fully set forth herein.

95. At all times material hereto, Plaintiff and those similarly situated were employed by Defendants within the meaning of KRS 337.010 § (1)(e).

96. At all times material hereto, Defendants jointly employed Plaintiff and those similarly situated within the meaning of KRS 337.010(1)(d).

97. KRS 337.275 requires all employers to compensate their employees at least

13

minimum wage for each week worked.

98. Defendants jointly failed and continue to fail to pay Plaintiff and those similarly situated at least minimum wage for each week Plaintiff and those similarly situated worked for Defendants.

99. Defendants jointly violated KRS 337.275 by not properly compensating Plaintiff and those similarly situated at least minimum wage for each week worked for Defendants.

100. Defendants willfully violated KRS 337.275 by not properly paying Plaintiff and those similarly situated at least minimum wage for each week worked for Defendants.

101. As a result of Defendants' joint violations of KRS 337.275, Plaintiff and those similarly situated are entitled to recover unpaid wages dating five (5) years back, pursuant to KRS 413.120 (2), plus an additional equal amount in liquidated damages, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

    b. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

c. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour and minimum wage provisions of the FLSA;

d. Awarding Plaintiff overtime compensation in the amount due to him for his time worked in excess of forty (40) hours per work week;

e. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

f. Awarding Plaintiff minimum wages in the amount due to him for his time worked in each work week;

g. Awarding Plaintiff liquidated damages in an amount equal to the minimum wages award;

h. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

i. Awarding Plaintiff pre-judgment interest;

j. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED: May 15, 2019.                         Respectfully submitted,

                                             */s/ Andrew R. Frisch*
                                             Andrew R. Frisch
                                             MORGAN & MORGAN, P.A.
                                             600 N. Pine Island Road, Suite 400
                                             Plantation, FL 33324
                                             Tel: (954) WORKERS
                                             Fax: (954) 327-3013
                                             AFrisch@forthepeople.com

                                             *Trial Counsel for Plaintiff*

15